NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  KENNY G ENTERPRISES, LLC,

Debtor.

_____

KENNETH GHARIB,

Appellant,

v.

THOMAS H. CASEY, Chapter 7 Trustee,

Appellee.

No. 18-55027

D.C. Nos.  8:16-cv-01946-GW
                   8:17-cv-00389-GW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Kenneth Gharib appeals pro se from the district court's order affirming two

continuing civil contempt orders entered by the bankruptcy court on October 4,

_____

         *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

         **       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

2016 and February 16, 2017.  We have jurisdiction under 28 U.S.C. § 158(d).  We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision.  *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).  We affirm.

The bankruptcy court did not clearly err by concluding that Gharib failed to satisfy his burden to show that he is unable to comply with the bankruptcy court's orders, and did not abuse its discretion by ordering continued sanctions for civil contempt, including incarceration.  *See Kismet Acquisition, LLC v. Diaz–Barba (In re Icenhower)*, 755 F.3d 1130, 1138 (9th Cir. 2014) (standard of review); *see also Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 630 (9th Cir. 2016) (explaining that civil coercive contempt may change over time into criminal contempt depending on changing ability of the contemnor to comply with the contempt order); *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("[T]he party asserting the impossibility defense must show categorically and in detail why he is unable to comply." (citations and internal quotation marks omitted)).  Because Gharib's continued incarceration for noncompliance with the bankruptcy court's monetary sanctions remained coercive at the time of enforcement, we reject as without merit Gharib's contention that his due process rights were violated.

18-55027

We reject as without merit and unsupported by the record Gharib's contentions regarding notice and an opportunity to be heard orally when the district court changed the hearing date on its own motion.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-55027